UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 05-30-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES HENRY DAVIDSON, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On February 22, 2006, Defendant James Davidson was sentenced to a term of imprisonment of 188 months following his guilty plea to fifteen counts, including a variety of drug, conspiracy, obstruction, money laundering, and firearms charges. [Record No. 702] On December 19, 2014, Davidson moved to modify or reduce his sentence based on recent changes in the drug quantity tables used to calculate guideline ranges for certain drug offenses under the United States Sentencing Guidelines.[1] [Record No. 986] For the reasons discussed below, the motion will be denied.

Davidson pleaded guilty without entering into a plea agreement with the United States. The defendant admitted to constructing a secret storage facility that held a significant amount of marijuana in a larger drug-trafficking scheme. [Record No. 603, pp. 3-4] In addition, he was actively distributing the drug and laundering the proceeds. [Record No.

---

[1] The Court has previously denied the appointment of counsel regarding the present motion. [Record No. 975] Further, this matter need not be scheduled for hearing. There is no constitutional right to a hearing in proceedings filed under U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

809] In Davidson's favor, the Court notes that he had no criminal history points at the time of sentencing, resulting in a criminal history category I. [Record No. 809] However, the defendant's history suggests a pattern of violence; Davidson has been the subject of several Domestic Violence Orders and was acquitted on a murder charge. At the time of the sentencing hearing, his base offense level was level 32 due to the amount of marijuana involved in the conspiracy. After a two-level increase for the possession of firearms and a two-level increase for obstruction of justice, his highest offense level for the counts charged was 36. This was reduced two levels for acceptance of responsibility, for a total offense level of 34. [*Id.*] The applicable guideline range for his offense was 151-188 months.

At sentencing on February 22, 2006, the undersigned addressed the applicable statutory sentencing factors, including the need to afford adequate deterrence to criminal conduct, as well as the seriousness of the offense, the need to promote respect for the law, and the necessity of a just punishment for the offense. [Record No. 809] In weighing these factors, the Court considered the imposition of a sentence above the guideline range. [*Id.* at p. 28] Ultimately, however, the Court concluded that a sentence of less than 188 months would not satisfy the statutory factors. The subsequent amendment to the drug quantity tables does not alter the Court's concerns regarding this defendant. Now, as then, the Court concludes that the sentence imposed is appropriate under the circumstances, and a reduced sentence is unwarranted. A lesser term of incarceration would not afford sufficient deterrence or punishment. Accordingly, it is hereby

**ORDERED** that Defendant James Davidson's Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [986] is **DENIED**.

This 22nd day of December, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge